July Term, 1883, No. 189.                     January 23, 1884.

## Peters *v.* Wainwright *et al.*

Where the defendant represented to the plaintiff that he had moneys in his hands belonging to a debtor of the plaintiff, and agreed to pay the debt out of such moneys, whereby plaintiff was induced to continue to furnish goods to the debtor, he cannot relieve himself from the obligation to pay the debt by proving that he did not have the moneys at the time of the promise or afterwards.

Before Mercur, C. J.; Gordon, Paxson, Trunkey, Sterrett, Green, and Clark, JJ.

Error to the Court of Common Pleas, No. 1, of *Philadelphia County.*

Case by Chandler P. Wainwright and Willis T. Bryant, copartners, trading as Wainwright & Bryant, against James Peters.

The declaration was in assumpsit, and averred an agreement by defendant to pay plaintiffs $270, provided plaintiffs would sell one Miggett lumber, that plaintiffs did sell Miggett lumber, whereby, &c.; it also averred that defendant had received for the use of Miggett $10,000, and Miggett, being indebted to plaintiffs, ordered defendant to pay plaintiffs $270, which defendant promised to do.

Plea, *non assumpsit.*

On the trial before BIDDLE, J., the following facts appeared:

William Miggett, a builder by occupation, in 1879, was engaged in erecting a row of houses on Somerset street, in Philadelphia. He contracted with the plaintiffs, who are lumber merchants, for the lumber required, he to pay them $135 cash as soon as they should furnish him $150 worth of lumber. He continued these payments for some time, but in February, 1880, he was in arrears for two payments, and plaintiffs refused to furnish him any more lumber. About the same time he sold, through Peters, the defendant, five of the houses for $1,000, and received $100 on account. He informed Peters of plaintiffs' refusal to furnish more lumber, and Peters and Miggett then went together to plaintiffs' office. The following is Miggett's account of what took place there: "We went together; Peters knew Wainwright; they needed no introduction; Peters told Wainwright he had balance of money for these houses, and whenever title was perfected for these houses, he would pay them the two back payments of $135 each. That terminated the interview. Upon the strength of this, Wainwright agreed to furnish the lumber."

Wainwright, one of the plaintiffs, testified as to the same interview, as follows: "Peters said to me that he had sold five houses, and had the money in his possession at that time, and that as soon as purchaser received title, he would pay the money, there would be no trouble about it. I would get my money. I went on and furnished lumber under my contract on strength of that promise." The title to the five houses was perfected to the purchaser, and passed on July 9, 1880.

James Peters, the defendant, gave the following testi-

[Peters *v.* Wainwright *et al.*]

mony : "Mr. Miggett called on me to go down to Wain-
wright's.   Mr. Miggett told Wainwright that he had sold
five houses, and as soon as title was perfected he would
get some money.   Mr. Wainwright asked him where he
would get it from, when Mr. Miggett turns and tells him
I had the money.   I had it, and I had it not, I kept quiet.
I said if there is any money left after paying lien creditors
he should have it, meaning Miggett.   I had no right to
pay Wainwright.   I don't remember telling Wainwright·
I had the money in my hands.   When I say I had it and
had it not, I mean this : I was treasurer of a building
society.   One of the gentlemen in the building society I
prevailed on to buy the houses.   The purchaser was to
get the money out of the building society, but he could
not get it until he had an·order signed to get the money
from the society."

The following questions were asked the witness by his
counsel :

"When, if at any time, did you get any of this money
in your hands ?"

"You having said that you did not say to Wainwright
that you had this money in your hands, was it true in
point of fact that you had ?"

"Did you at any time before or after the perfection of
the title to these five houses receive the consideration
therefor ?"

Objected to.   Objection sustained.   Exception.

(Second assignment of error.)

Verdict for plaintiffs, $321 97, and judgment thereon ;
whereupon, defendant took this writ, assigning for error,
*inter alia,* the overruling of the above questions.


*E. Cooper Shapley* for plaintiff in error.

The declaration merely puts in issue the existence of a
fact, viz : That defendant had in hand money of Miggett,
and, therefore, promised to pay.   Plaintiffs made an at-
tempt to show this fact, but failed.   When defendant at-
tempted to show the contrary, the offers were overruled
on the ground that plaintiffs had shown that defendant
said he had the money.   If this ruling is to stand, all that
a plaintiff need do is to declare as to a fact, produce evi-
dence, whether true or false, that defendant once admitted
the fact, and thus bar defendant from showing that the
alleged fact is not true.


*S. Edwin Megargee* and *James W. Latta* for defend-
ants in error.

[Storey's Appeal.]

The uncontradicted evidence being that Peters said he had the money, it is immaterial whether he had it or not.

The rule is thus stated by Lord Denman : Where one by his words or conduct willfully causes another to believe in the existence of a certain state of things, and induces him to act on that belief so as to alter his own previous position, the former is concluded from averring against the latter a different state of things as existing at the same time:" Pickard *v.* Sears, 6 A. & E., 469 ; Calder *v.* Chapman, 2 P. F. S., 362; Green's Appeal, 1 Out., 342 ; Covert *v.* Irwin, 3 S. & R., 283 ; Hall *v.* White, 3 Carr & Payne, 136 ; Dock *v.* Boyd, 12 N., 92 ; Wharton on Evidence, § § 1136, 1142, 1086, 1087.

FEBRUARY 4TH, 1884—PER CURIAM : There was no error in rejecting the evidence offered. The controlling question was not whether there was in fact money in the hands of the plaintiff in error, but did he represent and declare to the defendants in error there was, and thereby induce them to part with their lumber and continue to furnish it. If he did, he must be held to his agreement to pay. The jury have found he did so declare and agree. Having, then, in an interview between the parties and Miggett, and by the consent of the latter, assumed the obligation which would be binding on him if he actually had the money, he cannot relieve himself from that obligation by proving he had not.

Judgment affirmed.